# EXHIBIT A

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA
CIVIL DIVISION

LAWRENCE HAUSER,

    Plaintiff

v.

STEWARD MELBOURNE HOSPITAL,
INC., a Delaware Corporation and
STEWARD HEALTH CARE SYSTEM LLC,
a Delaware Limited Liability Company

    Defendants.

_____/

Case No.:
**JURY TRIAL DEMANDED**

## CLASS COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Lawrence Hauser, on behalf of himself and all others similarly situated, and alleges the following:

### INTRODUCTION

1. Plaintiff Laurence Hauser ("Plaintiff") brings this class action Complaint against Defendants challenging Defendants' unfair, deceptive, and unlawful practice of charging their emergency care patients a substantial, undisclosed emergency room facility fee (hereinafter "Surcharge") which is billed on top of the charges for the individual items of treatment and services provided, but which is not disclosed and effectively concealed from patients presenting at one of Defendants' emergency room facilities. Knowledge of this undisclosed Surcharge, which is essentially a "cover charge" or "surcharge" for being seen at Defendants' emergency room facilities, is a substantial factor in an emergency care patient's decision to remain at the hospital and proceed with treatment.

2. This action is limited to individuals who were provided emergency care (or who are

financially responsible for the care of another) after presenting at an emergency room facility operated by Defendants or one of their affiliates since May 1, 2017.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendants.

4. Venue is proper here because one or more Defendants are located in or do business in Brevard County, Florida, and because a portion of the acts and transactions giving rise to this Complaint took place in Brevard County, Florida.

## PARTIES

5. Plaintiff Laurence Hauser ("Plaintiff"), is a resident of Brevard County, Florida, over the age of eighteen years, who treated at Melbourne Regional Medical Center's emergency room in Brevard County, Florida.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, Steward Health Care System LLC, a Delaware limited liability company ("Steward Health Care"), owns and operates three "for profit" hospitals, located in Sebastian, Florida, Melbourne, Florida, and Rockledge, Florida.

7. Defendant Steward Melbourne Hospital Inc. (AKA Melbourne Regional Medical Center), is a Delaware corporation with its principal place of business in Melbourne, Florida.

8. Defendants conduct business within the State of Florida, have purposely availed themselves of the benefits and protections of this State, and/or have sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

9. Plaintiffs are informed and believe, and thereon allege, that Defendants own, operate, and/or provide management and billing services to Melbourne Regional Medical Center and to the

other Steward Health Care hospitals in Florida.

## AGENCY ALLEGATIONS

10. Plaintiff is informed and believes and thereon alleges that Defendant Steward Health Care operates three Steward Health Care hospitals with emergency care facilities in Florida.

11. In public documents, Defendant Steward Health Care makes clear that it does more than simply monitor its subsidiary hospitals – to the contrary, it is directly involved in setting and enforcing hospital guidelines and regulations, and is specifically involved in the billing practices of these hospitals.

12. In committing the acts alleged herein, each Steward hospital is and was the agent of Defendant Steward Health Care, and acted with the knowledge, consent, permission, cooperation, and authorization of Defendant Steward Health Care.

13. At Defendant Steward Health Care's direction and with their approval, each Steward hospital represents itself as being part of Steward Health Care's medical system.  In committing the acts alleged herein, each Steward hospital acted in the course and scope of its agency and was acting with the knowledge, consent, permission, cooperation, and authorization of Defendant Steward Health Care.

14.  All such actions were ratified and approved by Defendant Steward Health Care or its officers, directors, controlling persons, agents, partners, or joint venturers.

## GENERAL ALLEGATIONS

15. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants used a patient consent form in its emergency rooms (hereinafter "Contract"), drafted by Defendants, whose terms were not dictated by statute or otherwise, and which emergency care

3

patients (or their agents) were presented for signature.

16. Plaintiff is informed and believes and thereon alleges that the Contract makes no mention of any Surcharge that is added to an emergency room patient's bill on top of the individual charges for the specific services provided. Further, neither the Surcharge nor Defendants' intention to add to a Surcharge to an emergency patient's bill is disclosed on signage posted in or around Defendants' emergency rooms, or disclosed verbally during the emergency room registration process.

17. Despite the lack of disclosure, Plaintiff is informed and believe and thereon alleges that at all relevant times, Defendants had a practice of charging substantial, yet hidden and undisclosed Surcharges to the bills for patients visiting their Florida emergency room facilities. Defendants set the Surcharge amounts at one of five fixed levels, with the level being determined after a patient's discharge, based on an internally developed, undisclosed formula.

18. Plaintiff is informed and believes and thereon alleges that Defendant's undisclosed Surcharge amounts for patients visiting the emergency care facilities at a Steward Health Care hospital are as follows:

For Melbourne: ER LEVEL 1 $431.21; ER LEVEL 2 $838.75; ER LEVEL 3 $1,428.30; ER LEVEL 4 $2,195.42; ER LEVEL 5 $1,939.86. For Rockledge: ER LEVEL 1 $436.67l; ER LEVEL 2 $849.37; ER LEVEL 3 $1,446.39; ER LEVEL 4 $2,223.22; ER LEVEL 5 $1,964.42. For Sebastian River: ER LEVEL 1 $1,018.11; ER LEVEL 2 $1,651.52; ER LEVEL 3 $2,476.06; ER LEVEL 4 $3,435.36; ER LEVEL 5 $4,142.28.

19. Plaintiff is informed and believes and based thereon alleges that Defendants' Surcharges, unlike the charges for specific items of treatment/services ordered for a patient such

as X-rays, laboratory services, sterile supplies, drugs, etc., are undisclosed cover charges assessed simply for visiting one of Defendants' emergency rooms, and such charges are imposed on top of the charges for specific items of treatment/services. Defendants' intention to impose such Surcharges is not disclosed in Defendants' Contracts, is not disclosed on signage placed in the emergency room facilities where a patient would at least have the opportunity of knowing of their existence, and is not disclosed to patients verbally during the registration process. Further, the formula or algorithm which Defendants use to determine the level of Surcharge (1, 2, 3, 4 or 5) is also hidden from patients, making it virtually impossible for patients to know or seek to control the level or amount of the Surcharge they will be charged for their visit.

20. Plaintiff is informed and believes and based thereon alleges that the Surcharge billed to emergency room patients, if disclosed prior to providing treatment, would be a material factor in the patient's decision to remain for treatment at the facility or seek less costly treatment elsewhere. The high cost of medical services is a matter of great public concern, and emergency care patients have a right to be informed of a substantial Surcharge before it is incurred. Defendants' failure to disclose their Surcharges contributes to a lack of pricing transparency and a lack of informed consent by patients, who are generally totally unaware of such Surcharges or how they are determined. Plaintiff is further informed and believes and thereon alleges that many emergency care patients, if informed of Defendants' Surcharges prior to their being incurred, would choose to seek less costly treatment elsewhere.

21. Defendants' billing of undisclosed Surcharges to emergency care patients is unfair and deceptive because (a) the substantial Surcharges are not disclosed to patients in Defendants' Contract, in signage posted in Defendants' emergency rooms, or verbally during the registration process; (b) emergency care patients cannot reasonably be expected to be aware of the Surcharges;

5

(c) emergency room patients have no way of knowing, and are likely to be unaware of, Defendants' intention to add a Surcharge to their bill; (d) Defendants are well aware that most emergency room patients are unaware of Defendants' intention to add a Surcharge to their bill on top of the individual items of treatment/services provided; and (e) knowledge of the existence and amounts of these Surcharges would be a substantial factor in influencing a reasonable patient's decision to remain and seek treatment at one of Defendants' emergency rooms.

22. The failure to disclose a Surcharge is particularly egregious in light of the fact that Defendants represent themselves as providing caring and compassionate service to patients in the community and prides themselves, on their website and elsewhere, for promoting pricing transparency. Unlike a normal arms-length transaction between a buyer and seller, a patient suffering a medical emergency and coming to one of Defendants' emergency room facilities places a substantial degree of trust and confidence in Defendants to provide fair and compassionate care. This trust and confidence is heightened by Defendants' promises and representations to patients, such as the following statements taken directly from Steward Health Care's Mission Statement:

> *Steward Health Care is committed to providing the highest quality care with compassion and respect. We dedicate ourselves to: Delivering affordable health care to all in the communities we serve.*

### THE REPRESENTATIVE PLAINTIFF'S CLAIMS

23. On or about October 3, 2017, Plaintiff received emergency treatment/services at Melbourne Regional Medical Center's emergency facility, where he was provided with and signed Defendants' form Contract. While at Defendants' emergency room facilities, Plaintiff received no notice or warning, either by the Contract, in posted signage in the emergency room, or verbally at the time of registration, as to the substantial Surcharge that Defendants intended to add (and did

6

add) to his bill on top of the individual charges for each item of treatment/services provided.

24. The gross amount (before discounts) billed for the treatment/services provided to Plaintiff was $22,690.06, which included Defendants' undisclosed Surcharge in the amount of $2,195.42 in addition to charges for the individual items of treatment and services provided.

25. Plaintiff was dismayed and aggrieved when he found out that an undisclosed Surcharge

in the amount of $2,195.42 had been added to his bill on top of the charges for the individual items of treatment/services provided.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and a class of all other persons similarly situated, defined as follows:

> All individuals who, subsequent to May 1, 2017, received treatment at a Florida hospital operating under the Steward Health Care brand, and were billed an emergency room facility fee ("Surcharge") in addition to the charges for the individual items of treatment/services provided.
>
> Excluded from the Class are any officers or directors of Defendants, together with the legal representatives, heirs, successors, or assigns of Defendants, and any judicial officer assigned to this matter and his or her immediate family.

27. This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, predominance, typicality, adequacy of representation, and superiority requirements. Plaintiff seeks to represent an ascertainable Class with a well-defined community of interest in the questions of law and fact involved in this matter.

28. The members of the Class are so numerous that joinder of all members of the Class is impractical. Plaintiff is informed and believes and thereon alleges that the Class consists of at least tens of thousands of persons.

29. This action involves the question as to whether Defendants' uniform practice of billing

emergency care patients a substantial, totally undisclosed and hidden Surcharge is unfair, deceptive, and/or unlawful. This question dominates over any individual issues that might exist.

30. Defendants have collectively and individually acted or refused to act on grounds generally applicable to Class members and have engaged in a systemwide policy of billing emergency care patients a substantial undisclosed Surcharge, thereby making final injunctive relief concerning the Class as a whole appropriate.

31. The claims of Plaintiff are typical of the claims of the Class, and Plaintiff is a member of the Class as defined.

32. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff shares the same interests as all Class members because each of Plaintiff's claims are typical of those of other Class members.

33. Plaintiff has retained competent class counsel who are experienced in class action litigation and who will fairly and adequately protect the interests of the Class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since joinder of all Class members is impracticable, and it would be virtually impossible for the Class members to efficiently redress their wrongs individually. Further, even if all Class members could afford such individual litigation themselves, the court system would benefit from a class action.

35. Individualized litigation would present the potential for inconsistent or contradictory judgments and magnify the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court, as well as an economy of scale and expense.

36. To resolve the dispute over the alleged failure of Defendants to disclose their

Surcharges, Plaintiff, individually and on behalf of the Class requested, is entitled to a declaration and appropriate injunctive relief pursuant to Florida's Declaratory Judgments Act (Florida Code § 86.021, and Florida's Deceptive and Unfair Trade Practices Act, Florida Code § 501.211, with regard to a patient's legal rights and duties with respect to Defendants' Surcharges, including a determination as to whether Defendants have a duty to disclose their Surcharges prior to such Surcharges being triggered, and for appropriate injunctive relief against Defendants' unfair and deceptive acts as set forth herein.

37. This complaint seeks declaratory and injunctive relief only. No monetary damages or restitution are sought within this complaint, and no "reasonable value" determinations as to any of the services provided to Plaintiff or any other patient are sought within this action.

FIRST CAUSE OF ACTION
For Declaratory Judgment/Injunctive Relief
(Florida's Declaratory Judgment Act)

38. Plaintiff herein repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 37, inclusive, with the same force and effect as though the same were set forth at length herein.

39. An actual controversy exists between Plaintiff and Defendant relating to their respective legal rights and duties. Plaintiff contends that Defendants have a duty to fully disclose their emergency room Surcharges, and to disclose the basis on which the amount of charge will be determined, prior to rendering services that result in such Surcharges being incurred. Plaintiff further contends, due to Defendants' failure to reasonably disclose their Surcharges in advance, that emergency care patients are not responsible for payment of the undisclosed Surcharges that were billed. In contrast, the hospital claims it is entitled to bill emergency care patients a Surcharge for their emergency room visit, and has billed emergency room patients for such Surcharges and

continues to do so.

40. To resolve the ongoing disputes over Defendants' Surcharges, Plaintiff and members of the Class are entitled to a determination, pursuant to Florida's Declaratory Judgments Act, as to whether Defendants have a duty to disclose their Surcharges in advance of such Surcharges being incurred, and further entitled to a declaration and appropriate injunctive relief with regard to a patient's legal rights and duties with respect to Defendants' Surcharges. Florida's Declaratory Judgments Act is remedial in nature and should be broadly construed. See § 86.101, Fla. Stat.

41. Plaintiff is also entitled to declaratory and injunctive relief to prohibit Defendants from continuing to charge undisclosed Surcharges, and from pursuing existing collection activity for such undisclosed Surcharges.

42. Plaintiff and members of the Class are entitled to the declarations and injunctive relief sought herein because of (1) the substantial nature of Defendants' Surcharge; (2) the special relationship that exists between a hospital facility and its emergency room patients as a result of the nature of the services being provided and the representations of Defendants to provide the highest quality of care with compassion, respect, and affordability; (3) the hidden nature of Defendants' undisclosed Surcharges; (4) the lack of knowledge of emergency room patients as to Defendants' intention to bill them a Surcharge, (5) the lack of reasonable opportunity for an emergency room patient to find out about Defendants' Surcharge before it has been incurred; (6) Defendants' knowledge that most emergency room patients are unaware of, and surprised by, Defendants' undisclosed Surcharges; and (7) the fact that knowledge as to Defendants' Surcharges would be a material factor in a patient's decision to remain at Defendants' emergency room in order to seek treatment and services.

43. The declarations sought herein are necessary and appropriate since Plaintiff and the

Class have been impacted financially by Defendants' substantial, undisclosed Surcharges. Even for those patients whose Surcharges have not yet been paid, they should not have to wait until collection efforts are underway, or their credit is ruined by negative credit entries, or collection lawsuits are instituted by Defendants, before obtaining a legal determination of their legal obligations with respect to Defendants' Surcharges.

SECOND CAUSE OF ACTION
Florida's Deceptive and Unfair Trade Practices Act
("FDUTPA")

44. Plaintiff herein repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 37, inclusive, with the same force and effect as though the same were set forth at length herein.

45. Plaintiff was not expecting to be billed a substantial Surcharge that was not mentioned in Defendants' Contract, posted on signage in the emergency rooms, or verbally disclosed during his registration process. Such billing of undisclosed Surcharges by Defendants was, and continues to be, an unfair and deceptive practice.

46. Defendants' conduct described above constitutes unfair, deceptive, and/or unconscionable trade practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") as provided by §§ 501.201-.213, Florida Statutes, including violations of:

    a. The standards or unfairness and deception set forth and interpreted by the Federal Trade Commission or by the federal courts, as set forth in FDUTPA, §§ 501.203(3)(b) and 501.204; and/or

    b. The law against unfair and deceptive trade practices set forth in 15 U.S.C. §§ 45(a)(1) and incorporated into FDUTPA, §§ 501.203(3)(c) and 501.204.

47. Defendants unfairly, deceptively, and unlawfully fail to inform and/or conceal their

uniform policy of billing substantial undisclosed Surcharges to emergency room patients in addition to the charges for individual items of treatment/services provided.

48. Knowledge of these Surcharges, prior to such Surcharges being incurred, would be a material factor in a reasonable patient's decision as to whether to remain at the Hospital and proceed with treatment, as opposed to seeking less costly treatment elsewhere.

49. The failure to disclose material information is "deception" within the meaning of FDUTPA. Such deception has occurred here, and shown by Defendants' failure to disclose, in their Contracts, in signage posted in the emergency room facilities, or verbally at patient registration, the hidden and undisclosed emergency room facility fees which Defendants add to an emergency patient's bill.

50. Defendants' conduct, described above, also amounts to "unfair" business practices which are immoral, unethical, oppressive, and unscrupulous.

51. As a result of Defendants' conduct alleged herein, Plaintiff has been aggrieved by Defendants' failure to disclose their Surcharges in advance of treatment and their ongoing billing and collection practices as described herein, and Plaintiff and class members are entitled to declaratory and injunctive relief to prevent such practices pursuant to § 501.211(1) of FDUTPA, which provides as follows:

> 501.211    Other individual remedies.—
>
> (1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for the following relief against Defendants, and each of them, as to all causes of action:

1. For an order certifying that this action may be maintained as a class action against Defendants and appointing Plaintiff and his counsel to represent the Class;

2. For a declaration or declarations as prayed herein;

3. For injunctive relief to enforce the relief prayed for herein;

4. For an order awarding Plaintiff and members of the Class the costs of suit, including, but not limited to, reasonable attorneys' fees and expert fees; and

5. For such other and further relief as may be just and proper.

*[This portion of page intentionally left blank]*

Plaintiff, on behalf of himself and the Class, respectfully request trial by jury on all claims so triable.

Respectfully Submitted,

DATED: MAY 17, 2019

/s/ *Jared M. Lee, Esq.*
Jared Michael Lee, Esq.
 Florida Bar #: 0052284
Jackson Lee | PA
1991 Longwood Lake Mary Rd
Longwood, FL 32750
Tele: (407) 477-4401
Fax: (407) 477-4949
Email: Jared@JacksonLeePA.com
 Service@JacksonLeePA.com
Counsel for Plaintiff

14